NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

16-P-1474 Appeals Court

M.M. vs. CHARLES DOUCETTE.

No. 16-P-1474.

Essex. May 8, 2017. – August 4, 2017.

Present: Meade, Hanlon, & Sacks, JJ.

Abuse Prevention. Protective Order. Due Process of Law, Abuse prevention, Notice. Notice.

Complaint for protection from abuse filed in the Peabody Division of the District Court Department on February 15, 2011.

The case was heard by Matthew J. Nestor, J.

Charles Doucette, pro se.

HANLON, J. The defendant, an inmate at the Massachusetts Correctional Institution at Concord, appeals, pro se, from an order of the District Court, issuing a permanent abuse prevention order against him, pursuant to G. L. c. 209A (restraining order). He argues that he was denied an opportunity to be heard on the issue of whether the permanent

order was wrongfully issued.  We agree and remand the matter for a new hearing.

Background.  The relevant facts are fairly straightforward. On February 15, 2011, a judge of the Peabody District Court issued a restraining order after an ex parte hearing "at which plaintiff was present and defendant was not present, to expire on [February 28, 2011]."[1]  A hearing after notice was scheduled for February 28, 2011.

The District Court docket sheet indicates that, on February 16, 2011, the day after the ex parte hearing, a court officer of the Salem District Court served the defendant in hand with the ex parte restraining order, which included the scheduled date for the hearing after notice.[2]  On February 28, 2011, as

---

[1] The judge ordered the defendant not to abuse the plaintiff, not to contact her or her minor child, to stay away from her residence "wherever that may be," and not to have a gun, a license to carry a firearm, a firearm identification card, or ammunition.  The plaintiff's address was impounded. The defendant was permitted to retrieve his personal belongings in the company of a police officer at a time agreed to by the plaintiff.

[2] We infer from the fact that a court officer served the restraining order that the defendant was before the court, likely under arrest for the underlying incident.  See Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531, 532 (2014) ("On February 20, 2007, Doucette was released on parole from a life sentence for murder in the second degree. . . .  Four years later, Doucette was arrested and charged with assault by means of a dangerous weapon, intimidation of a witness, and threats, charges which arose from an incident with his then girlfriend. A parole violation detainer issued, listing violations based on

scheduled, a hearing after notice was held and the judge extended the restraining order for one year until February 27, 2012. The docket indicates that the plaintiff was present and the defendant was not present. On March 2, 2011, the docket indicates that a copy of the extended order was left at the defendant's "last and usual abode." The docket does not indicate where that abode was located, or whether it was the address that the defendant had been ordered to stay away from.

At the next scheduled hearing, a year later, on February 27, 2012, the restraining order was made permanent without modification. According to the docket sheet, "the plaintiff was present and the defendant was not present." The defendant's absence from that hearing was explained by a further note: "defendant incarcerated."[3] The defendant represents that he did not receive any notice of that hearing before it was held. A docket entry dated March 9, 2012, indicates that the defendant was served in hand with the permanent restraining order after the hearing, presumably at the place where he was then incarcerated.

---

this incident, as well as other violations previously noted by his parole officer").

[3] The defendant was acquitted of all of the charges in the underlying criminal case on May 26, 2011. However the parole board unanimously voted to revoke his parole on November 10, 2012. Doucette, supra at 532-533.

On December 3, 2012, the defendant filed a motion to vacate the permanent restraining order, along with an affidavit and a petition for a writ of habeas corpus ad testificandum. While a significant portion of the motion and the affidavit concerned the merits of the case, the defendant also argued in the motion that the permanent restraining order had been issued without notice to him "which prevented him from being heard."

The motion and the petition were denied without comment on December 12, 2012, the day they were docketed. A subsequent motion for reconsideration was also denied. The defendant filed a notice of appeal to the Appellate Division of the District Court dated February 7, 2013; it was docketed on February 12, 2013. The docket shows no further activity until 2016, when the defendant began to seek funds to transcribe the recording of the February 27, 2012, hearing that resulted in the permanent restraining order, along with some other documents. That motion was denied, as were two additional motions to vacate the order, along with motions for a writ of habeas corpus and for reconsideration of the motion to vacate the order. On June 27, 2016, the Appellate Division of the District Court reversed a portion of the order denying the motion defendant's for funds to transcribe the hearing, and the record was assembled for this court.

Discussion.  We begin with the well-established principle that a defendant in any case has a right to notice and an opportunity to be heard.  See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . .  The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance.")

This principle has been reaffirmed in the context of proceedings pursuant to G. L. c. 209A, both by the courts and by the Commonwealth of Massachusetts Trial Court, Guidelines for Judicial Practice:  Abuse Prevention Proceedings (rev. Sept. 2011), http://www.mass.gov/courts/docs/209a/guidelines-2011.pdf [https://perma.cc/M9MV-8ZXZ] (Guidelines).  "Specifically, the statute and [G]uidelines contemplate that notice will be given to the defendant and an evidentiary hearing will be held within ten days of the temporary, ex parte order.  Barring an agreement of the parties or emergency circumstances, both sides are entitled to an evidentiary hearing within ten days."  Singh v. Capuano, 468 Mass. 328, 331 (2014).  In C.O. v. M.M., 442 Mass.

648, 656-657 (2004), the Supreme Judicial Court addressed the same issue:

> "[General Laws c. 209A, § 4,] explicitly states: 'the court shall give the defendant an opportunity to be heard on the question of continuing the temporary order.' . . . This court has determined that '[t]he right of the defendant to be heard [in a G. L. c. 209A proceeding] includes his right to testify and to present evidence. A defendant has a general right to cross-examine witnesses against him.' Frizado v. Frizado, 420 Mass. 592, 597 (1995). . . . Furthermore, this court has recognized that G. L. c. 209A proceedings may implicate a defendant's constitutional due process rights. Frizado v. Frizado, supra at 598 ('[W]hether a defendant's constitutional rights have been violated will depend on the fairness of a particular hearing'). Due process requires that the defendant be given an opportunity to testify and present evidence. See Commonwealth v. Delaney, 425 Mass. 587, 591 (1997), cert. denied, 522 U.S. 1058 (1998), quoting Matter of Kenney, 399 Mass. 431, 435 (1987) ('[t]he fundamental requisite of due process is an opportunity to be heard at a meaningful time and in a meaningful manner')."

The Guidelines are more specific. See, e.g., Guidelines § 1:00, at 8 ("In General. . . . Orders After Notice. Abuse prevention orders issued under c. 209A that are not issued on an emergency or ex parte basis require the filing of a complaint, notice to the defendant and an opportunity for the defendant to be heard"). Guidelines § 1:02, at 11, entitled "Due Process Considerations," provides:

> "The adjudication of cases by a neutral court is a fundamental element of due process. In c. 209A cases, as in all other court proceedings, the court is responsible for protecting the rights of the parties and adjudicating each complaint on a case-by-case basis.
>
> "Particular care is warranted regarding the following:

". . .

"(B) The court should require evidence of notice to the defendant before issuing an order for longer than ten court business days."

This right to notice and an opportunity to be heard may be forfeited, however.  In particular, G. L. c. 209A, § 4, fourth par., as appearing in St. 1990, c. 403, § 4, provides that, "[i]f the defendant does not appear at such subsequent hearing [i.e., the hearing after notice], the temporary order shall continue in effect without further order of the court."  See Guidelines § 5:05, at 103 ("Failure of the Defendant to Appear. If the defendant fails to appear at the hearing after notice, and the plaintiff does appear, and if there is evidence of notice of the hearing to the defendant and no reason for excusing the defendant's absence, the court should consider the defendant to have forfeited his or her opportunity to be heard. In such cases the order after notice may issue as the court deems appropriate, and the existing terms of the ex parte order may be modified").

Here, at the hearing after notice (the second of the three hearings, held on February 28, 2011), the judge had information, by way of a return of service, that the restraining order had been served in hand on the defendant at the Salem District Court on February 16, 2011, the day after it was issued.  As a result, the judge knew that the defendant had actual knowledge of the

scheduled hearing.  With the benefit of hindsight, we can say that, at that time, the defendant almost certainly was incarcerated; however, the record does not contain any information that would have informed the judge of that fact.

In addition, the mere fact of the defendant's incarceration at the time of the hearing would not have prevented the judge from extending the restraining order in the absence of some indication that the defendant wished to attend and be heard, so long as the defendant had knowledge that the hearing was to be held.  See Commonwealth v. Henderson, 434 Mass. 155, 162-163 (2001) ("Nothing in the record hints that the defendant desired, or made any effort, to attend or to reschedule the hearing").  As a result, the order was properly extended for one year.[4]  A copy was then left at the defendant's "last and usual abode."[5]

---

[4] This statement that the order was properly extended is limited to the question of the defendant's notice and right to be heard.  The record does not contain information about what the plaintiff told the judge in support of her request to extend the ex parte order.  See Iamele v. Asselin, 444 Mass. 734, 739 (2005) ("The inquiry at the extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1").

[5] In addition, for the duration of that extended restraining order, the defendant was required to abide by it -- even if he did not have personal knowledge that it had been extended -- because the initial order had warned him that the order might be extended with (or without) modifications.  See Commonwealth v. Delaney, 425 Mass. 587, 590 (1997), cert. denied, 522 U.S. 1058 (1998) ("We conclude that personal service of the extended order

One year later, on February 27, 2012, at the time the permanent restraining order was issued, the situation was different. As noted, the plaintiff was present and the defendant was not present. Service of the extended order setting this date had occurred at the defendant's last and usual address, not in hand as before. In addition, at least by the next day, there was information that the defendant was incarcerated. At that point, there was no way to know whether the defendant had, in fact, received the notice left at his last and usual address, or if he had actual knowledge of this third hearing, or that the order could be extended again, or made permanent.

Guidelines § 4:07, at 90, is clear that "[s]ervice should be made in hand, unless the court specifies otherwise."[6] While

---

is not required"). In Delaney, the court quoted with approval the language from the ex parte order that

> "warned the defendant that, if he failed to appear, 'an extended or expanded [o]rder may remain in effect.' Section 4 [of G. L. c. 209A] mandates that 'the temporary order[] shall continue in effect without further order of the court' when the defendant fails to appear (emphasis added). [There t]he jury could have found that the defendant had actual and constructive notice of the order and that it continued in effect after the hearing date. In these circumstances the service of the extended order on the defendant was not a prerequisite to his prosecution for violating the terms of the order."
> (Footnotes omitted.) Id. at 591-592.

[6] Guidelines § 6:03, at 119 provides, in pertinent part,

it is true that the commentary to Guidelines § 5:05, at 104, suggests that when the defendant cannot be located for personal service, "notice can be given in several ways, including service at last and usual address, leaving at an address a defendant is known to frequent (e.g., parents' home) and notice by publication," this type of notice, through alternative service, meets only the civil standard for the validity of the outstanding order.  Without additional evidence of the defendant's actual knowledge of the restraining order and its terms, he cannot be convicted for violating it.[7]  Commonwealth v. Silva, 431 Mass. 401, 403-404 (2000).  See Commonwealth v. Kulesa, 455 Mass. 447, 452 (2009); Commonwealth v. Shangkuan, 78 Mass. App. Ct. 827, 829 (2011).

---

"Service of the order after notice should be made in-hand by court personnel when the defendant is before the court for the hearing after notice or for any other purpose . . . .  If the defendant does not appear, the order must be transmitted to the police for service in accordance with G. L. c. 209A, § 7.  The court should require that such service be made in the same manner as service of the ex parte order or in whatever manner is most likely to result in actual notice to the defendant."

(Emphasis added.)  Thus, although Guidelines § 4.07 is entitled "Transmission of Ex Parte Orders to the Police for Service on the Defendant,"  it also applies to service in other circumstances.

[7] While this may seem contradictory, in practice it means that, once the defendant acquires actual knowledge of the outstanding order, he is thereafter bound by it unless or until it is modified or terminated by a judge.

As a result, here, the better practice would have been to extend the restraining order pending a new hearing on the issue of whether the permanent order should issue; to attempt to determine where the defendant was incarcerated; and then to send a new notice to the defendant with a copy of the order at issue and an explanation of the process for securing his presence in court for the hearing.  As the commentary to Guidelines § 4:07, at 92, explains,

> "[i]ncarcerated defendants have the right to be heard on a requested extension of the ex parte order at a hearing after notice.  The court should take steps to inform them of this right and to secure their presence in court if requested to do so.  In the alternative, the court may issue a writ of habeas corpus sua sponte.  While the court is under no obligation to issue a writ of habeas corpus absent a request by the defendant, Commonwealth v. Henderson, 434 Mass. [at] 163 n.12 . . . the issuance of a writ of habeas corpus is the preferred practice so that notice is clear in the event the defendant is subsequently charged with violating the restraining order."

Significantly, however, the court in Henderson upheld the defendant's conviction because "[n]othing in the record hint[ed] that the defendant desired, or made any effort, to attend or to reschedule the hearing."  Id. at 162-163.  For that reason, we cannot say that, in this case, issuing the permanent order was error.

The error in the proceedings here came when, after the defendant was served in hand in prison with the permanent restraining order (approximately ten days after it was issued)

the defendant <u>did</u> file a motion asking to be heard, along with an affidavit representing that he had not had notice of the hearing and that he wished to appear and present his defense. He also filed a petition for a writ of habeas corpus ad testificandum. As noted, that motion and petition were docketed in the court on December 12, 2012, and immediately denied without comment. Significantly, at that point, the judge had notice that the defendant wished to be heard and a genuinely plausible representation that he had no previous notice of the hearing (since the order had been served at an unspecified last and usual abode when he was incarcerated).

For that reason, a writ of habeas corpus should have issued to secure the defendant's presence in court and to give him, and the plaintiff, an opportunity to be heard.

> "Courts should make efforts 'to secure [the defendant's] presence in court if requested to do so.' Commentary to § 4.07 of the Guidelines for Judicial Practice: Abuse Prevention Proceedings (Oct. 1996). 'If the court does not issue a writ of habeas corpus for the defendant to appear at the . . . hearing, the defendant has no meaningful opportunity to exercise his or her right to be present.' A.J. Cabral, Obtaining, Enforcing and Defending c. 209A Restraining Orders in Massachusetts § 2.8.2, at 2-13 (Mass. Continuing Legal Educ. 1997)."

<u>Henderson</u>, <u>supra</u> at 163 n.12.

For the foregoing reasons, the matter is remanded to the District Court for further proceedings consistent with this opinion. The restraining order shall remain in effect until the

hearing at which, after reasonable notice to both parties and an opportunity for them to be heard, the judge shall decide whether the order should continue permanently, or for a different period of time, or whether it should be terminated.

<u>So ordered</u>.