TRACY A. LAWRENCE *vs.* MARIE A. GAUTHIER (and three companion cases[1]). Nos. 11-P-223, 11-P-742, 11-P-892, & 11-P-924. August 16, 2012. *Civil Harassment. Protective Order. Moot Question. Practice, Civil,* Moot case.

The defendant appeals an order from a judge of the District Court, pursuant to G. L. c. 258E, commanding the defendant, inter alia, not to abuse or harass the plaintiff, not to contact her, and to stay away from her residence; the defendant argues that the facts offered by the plaintiff were insufficient to support the judge's decision. The order was scheduled to expire on August 19, 2011, but provided for a further hearing on that day. The record does not indicate that any additional hearing was held or that the order was extended after August 19. Therefore, the order has expired and the case is moot. Because the three companion cases pose the same issue, we have consolidated them for the purposes of this appeal.[2]

This court has held repeatedly that appeals involving abuse prevention orders issued pursuant to G. L. c. 209A are not necessarily moot, even when the underlying orders have expired. See *Smith* v. *Jones,* 67 Mass. App. Ct. 129, 133 (2006) ("Notwithstanding that both the ex parte and the extension orders have expired, the appeal is not moot. The defendant 'could be adversely affected by [the orders] in the event of future applications for an order under G. L. c. 209A or in bail proceedings . . . [and] has a surviving interest in establishing that the orders were not lawfully issued, thereby, to a limited extent, removing a stigma from his name and record.' *Wooldridge* v. *Hickey,* 45 Mass. App. Ct. 637, 638 (1998) (citation omitted)." See also *Dollan* v. *Dollan,* 55 Mass. App. Ct. 905, 905 n.2 (2002). Cf. *Frizado* v. *Frizado,* 420 Mass. 592, 593-594 (1995) (defendant's contention "that the [vacated] abuse prevention orders could have an adverse effect on him in any future G. L. c. 209A proceeding and in certain future bail proceedings . . . has some merit").

The record-keeping process for harassment prevention orders under G. L. c. 258E is similar to that created for abuse prevention orders under G. L. c. 209A.[3] Arguably, a wrongfully issued harassment prevention order poses the same concerns for a defendant about collateral consequences as does a

---

[1]Kerri L. Smith *vs.* Steven Mastalerz; Bruce Metcalf *vs.* Michael Rompa; and Kerry Lynch *vs.* Michael Christopher.

[2]The order in Smith *vs.* Mastalerz expired on November 18, 2011; the order in Metcalf *vs.* Rompa expired on January 17, 2012; and the order in Lynch *vs.* Christopher expired on August 6, 2011.

[3]General Laws c. 258E, § 9, inserted by St. 2010, c. 23, provides that "[w]henever the court orders that the defendant refrain from harassing the plaintiff or have no contact with the plaintiff . . . , the clerk or clerk-magistrate shall transmit: (1) to the office of the commissioner of probation information for filing in the court activity record

wrongfully issued abuse prevention order. In addition, it seems likely that these cases present factual situations that, while likely to arise again, will evade review as each one-year order expires. Nevertheless, the Supreme Judicial Court has reached a different conclusion about mootness in the context of harassment prevention orders. See *O'Brien* v. *Borowski,* 461 Mass. 415, 430 (2012) ("[T]he case is moot as a consequence of the expiration of the harassment prevention order"). Therefore, we are constrained to dismiss each of the cases as moot.

*Appeals dismissed as moot.*

The cases were submitted on briefs.

*David R. Lucas* for Marie A. Gauthier.

*James R. Tewhey* for Tracy A. Lawrence.

*Alice L. Purple & Tracy D. Dudevoir* for Michael Christopher.

*Michael Rompa,* pro se.

*Kathleen M. McCarthy* for Steven Mastalerz.

information system or the statewide domestic violence record keeping system as provided in . . . chapter 188 of the acts of 1992 or in a recordkeeping system created by the commissioner of probation to record the issuance of, or violation of, prevention orders issued pursuant to this chapter . . . . The commissioner of probation may develop and implement a statewide harassment prevention order recordkeeping system."

