# RESCRIPT OPINIONS.

KERRI L. SMITH *vs.* STEVEN MASTALERZ. January 28, 2014. *Civil Harassment. Harassment Prevention. Protective Order. Moot Question. Practice, Civil,* Appeal, Moot case, Findings by judge.

The defendant, Steven Mastalerz, seeks review of harassment prevention orders issued against him pursuant to G. L. c. 258E.[1] The defendant filed his appeal in the Appeals Court prior to our decision in *O'Brien* v. *Borowski*, 461 Mass. 415 (2012). The Appeals Court dismissed his appeal as moot because the harassment prevention order had expired. *Lawrence* v. *Gauthier*, 82 Mass. App. Ct. 904 (2012). The defendant also had filed a petition seeking relief pursuant to G. L. c. 211, § 3, in the county court, during the pendency of his appeal. After the Appeals Court dismissed his appeal, a single justice considered and denied his petition without prejudice on August 17, 2011.

Based on our conclusion in *Seney* v. *Morhy, ante* 58 (2014), the defendant's appeal should not have been dismissed as moot. We also conclude that there was insufficient evidence for the issuance of harassment prevention orders against the defendant. Although the record is not entirely clear, it appears that the plaintiff sought protection because on November 1, 2010, several months after the defendant moved out of the apartment he and the plaintiff shared with other roommates, the defendant drove past her while she unpacked her vehicle at the front of her home, stopped a few houses away on that street, turned around, drove past her again, and a few seconds later drove by the home again.

At the hearing on November 19, 2010, the judge found enough evidence to extend the initial order, stating that "the evidence was sufficient to show that there was more than one incident and there were at least three in terms of the cars passing by, and that [the plaintiff remains] in fear of continued harassment." Even if we were to conclude the defendant's conduct constituted one act of harassing conduct, we disagree with the judge that driving by the plaintiff constituted three separate acts of harassment. In the circumstances here, where there was no evidence refuting the defendant's claim that he lived down the street from the plaintiff, we conclude that driving by the plaintiff's home within a very short period of time was one continuous act. Moreover, the judge made no explicit findings, and the record does not permit us to infer, that the defendant's driving by the plaintiff's home was wilful and malicious, directed at the plaintiff, and intended to cause, and in fact did cause, fear,

---

[1]The first harassment prevention order against the defendant was in effect from November 4, 2010, to November 19, 2010. After a hearing on November 19, 2010, the judge issued a second order with the expiration date of November 18, 2011.

intimidation, abuse, or damage to property.[2] See *O'Brien* v. *Borowski*, 461 Mass. at 429-430. Thus, there was insufficient evidence to support the issuance of the harassment prevention orders.

We remand the case to the county court for proceedings consistent with this opinion.

*So ordered.*

*Kathleen Marie McCarthy* for the defendant.

---

[2]The judge also heard the plaintiff's testimony that the defendant had, in the past, "handled" her cellular telephone and accessed her electronic mail account without her permission over a period of months.