The defendant appeals from two orders entered pursuant to G. L. c. 258E.[2] Because neither order rested on sufficient evidence, we reverse.
The plaintiff's husband was involved in an extramarital relationship with the defendant, which led to her impregnation. The husband's reaction to the news of this pregnancy was not positive; he was in the process of attempting to reconcile with the plaintiff. The defendant reacted by delivering a packet of photographs to the plaintiff's door[3] that included images of a positive home pregnancy test and of the husband's genitals.
"[A] protective order under c. 258E requires a finding of 'harassment,' defined in G. L. c. 258E, § 1, as '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property.' " O'Brien v. Borowski, 461 Mass. 415, 419 (2012). Where, as here, speech is the conduct complained of, it must be either in the form of "fighting words" or "true threats" in order to satisfy the meaning of "civil harassment" for purposes of c. 258E. Id. at 425. See Commonwealth v. Bigelow, 475 Mass. 554, 566 (2016).
Having reviewed the photographs,[4] we are satisfied that they do not fall into either category. Although some are sexually explicit, they are not "a serious expression of an intent to commit an act of unlawful violence to a particular individual," Virginia v. Black, 538 U.S. 343, 359 (2003), nor are they "personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction." Cohen v. California, 403 U.S. 15, 20 (1971). To be sure, no one would like to receive them, but c. 258E is not designed to protect against every type of speech that can lead to bruised feelings, emotional upset, or disgust.
Moreover, even were we to assume that the photographs were unprotected speech such that their delivery constituted an act of harassment, that delivery was a single act. The fact that the envelope contained multiple photographs did not transform the one unitary act of delivery into multiple acts, just as the one-time delivery of a multisentence letter would not constitute multiple acts. See Smith v. Mastalerz, 467 Mass. 1001, 1001 (2014) (defendant's "driving by plaintiff's home [three times] within very short period of time was one continuous act").
For these reasons, the harassment prevention order entered on September 27, 2017, and the harassment prevention extension order entered on October 11, 2017, are both vacated.
So ordered.

The first order was entered ex parte on September 27, 2017; the second order extended the first by one year, and entered on October 11, 2017, after a contested evidentiary hearing.

The defendant also contacted the plaintiff's daughter through social media to inform her that the photographs had been left at the plaintiff's door.

We have obtained the photographs and reviewed them, as did the judge who entered the extension order. The judge who entered the initial ex parte order should have reviewed them, but did not.