NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-967
22-P-968                                             Appeals Court


DANNY D.  vs.  ELI E. (and a companion case[1,2]).


Nos. 22-P-967 & 22-P-968.      June 14, 2023.


Civil Harassment.  Harassment Prevention.  Protective Order.


The defendant challenges two orders of the Boston Municipal
Court issued in separate cases on behalf of different plaintiffs
(a husband and wife).  The orders extended for approximately six
months harassment prevention orders previously issued pursuant
to G. L. c. 258E.  We agree with the defendant that the
extension orders were not supported by adequate evidence and
vacate them.

A harassment prevention order under G. L. c. 258E, like an
abuse prevention order issued under G. L. c. 209A, "expires [on
the date stated in the order] unless extended after a judicial
determination, essentially, a new finding, that the plaintiff
continues to require protection."  Iamele v. Asselin, 444 Mass.
734, 739 (2005), quoting Jones v. Gallagher, 54 Mass. App. Ct.
883, 889 (2002).[3]  See G. L. c. 258E, § 3.  While proceedings
regarding harassment prevention orders are meant to be as

---

[1] Zoey Z. vs. Eli E.

[2] The parties' names are pseudonyms.

[3] "To determine the norms and procedures applicable to
harassment prevention orders issued pursuant to G. L. c. 258E,
the Supreme Judicial Court has looked to those applicable to
abuse prevention orders issued pursuant to G. L. c. 209A."
F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 602 (2015).

"expeditious and informal as reasonably possible," (citation omitted), A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (1995), a plaintiff must nonetheless establish, by a preponderance of the evidence, that extension of the order is reasonably necessary to protect the plaintiff from further harassment.  See G. L. c. 258E, § 3; Iamele, supra at 736.

In the present case, the orders were issued initially ex parte, and were extended for one year following a hearing after notice.  The plaintiffs applied for a further extension of the orders, and a hearing was held on the extension request, with all parties present.  At the hearing on the extension request, the plaintiffs were not required to relitigate the harassment on which the prior orders were based, but they were required to prove an ongoing need from protection from the defendant's harassment.  See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 259 (2022).  This, they did not do.  As the defendant correctly observes, the plaintiffs presented no new evidence at the extension hearing, not even, for example, evidence that the defendant still lived near them, or that they had seen him at his condominium during the previous year, or that an extension was necessary to protect them from the impact of the prior abuse.[4]  Instead, counsel for the plaintiffs presented the judge with affidavits that had been submitted with the plaintiffs' initial applications for the harassment prevention orders, as well as a certified copy of the transcript from the August 23, 2021, hearing on those applications.  Though the judge heard argument from the plaintiffs' counsel regarding the plaintiffs' belief that extension of the orders was reasonably necessary (and also heard testimony and argument from the defendant), arguments of counsel are not evidence.  Nothing in the evidence supporting the issuance of the original orders was of a nature that would suggest the need for a protective order of perpetual

---

[4] We note that nothing in the defendant's testimony is adequate standing alone to support a finding of a continuing need for the orders.  The defendant testified that he had not lived in the condominium since the harassment order issued, going to his unit only to check the mail.

or indefinite duration.[5]  Following the extension hearing, the judge did not make any written or oral findings of fact.[6]

The absence of any evidence in the record or of any findings of fact by the hearing judge as to the plaintiffs' continued need for the orders compels us to vacate the orders extending them.  See O'Brien v. Borowsky, 461 Mass. 415, 430 (2012).  A hearing judge's discretion in issuing extensions of harassment prevention orders is not so broad as to eliminate the evidentiary burden on a plaintiff to establish a continued need for an order.[7]  We remand to the Boston Municipal Court for entry of orders vacating and setting aside the extended orders issued on August 23, 2022, and for further actions required by G. L. c. 258E, § 9, if any.  See F.K. v. S.C., 481 Mass. 325, 335 (2019).

So ordered.

---

[5] At the time the harassment order issued, the parties were neighbors in a condominium building.  In issuing the harassment order, the judge found that the defendant had spit onto the plaintiffs' car at various times (including during the COVID-19 pandemic), and also onto a package delivered to their unit; that he pointed his index finger at one of the plaintiffs and said words to the effect of "[d]on't ever, ever, ever talk to me ever again" on one occasion; and on another occasion screamed "you know what you're fucking doing, you better stop, you know what you're fucking doing."  Our holding in the present case does not preclude the possibility that acts supporting the issuance of a harassment order in a different case could, in and of themselves, be of such a serious or threatening nature as to establish, without more, a continuing need for protection for a duration extending beyond the term of the initial order.

[6] The judge's general comment that he was extending the orders "based on the affidavits and . . . the credible testimony" does not permit us to infer a finding that extension of the orders was reasonably necessary to protect the plaintiffs.  See O'Brien, 461 Mass. at 430.

[7] The present appeal raises no question of the propriety of the original harassment prevention orders (which were affirmed on appeal to this court).  We note as well that, though the plaintiffs bore the burden to establish a continuing need for the orders, they faced no burden at the extension hearing to re-establish the basis for the issuance of the original orders. See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 259 (2022).

Eli E., pro se.

Heather M. Gamache (Meghan Hall, also present) for the plaintiffs.