NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-464

J.B.

vs.

R.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a hearing, a judge of the District Court issued a harassment prevention order against the defendant, pursuant to G. L. c. 258E, § 3. Because we conclude that the defendant's conduct amounted to only two acts of harassment, the order must be vacated and set aside.

Background. On October 31, 2022, the plaintiff applied for a harassment prevention order against the defendant, the plaintiff's neighbor, after a confrontation between the parties the previous day. According to the plaintiff's supporting affidavit, the defendant stood in front of the plaintiff's truck, told the plaintiff he needed to "min[d] [his] own fucking business," and then hit the truck with his hand as the plaintiff started to drive away. This confrontation occurred the morning

after the plaintiff called the fire department to report a bonfire on the defendant's property.

At the hearing, the plaintiff initially testified about the hitting of his truck and another incident of alleged harassment by the defendant.  Specifically, the plaintiff testified that while he was in the hospital undergoing knee replacement surgery, the defendant was "doing donuts in the road, burning up and calling my name."  Although the plaintiff was not home, his children were, and they told him what happened.

After defense counsel argued that "[t]here's not three incidents here," the judge asked the plaintiff how many times the defendant had done "wheelies and call[ed] out his name." The plaintiff responded that it had happened "[s]everal times" and that it "has been going on since [the defendant] moved in a year ago."  After the judge later referred to "the two or three times that [the defendant has] been driving around yelling his name," defense counsel objected that "[h]e's just vaguely saying it's been more than once."  During questioning by defense counsel, the plaintiff confirmed he based his request for a harassment prevention order on a total of five incidents: fireworks being set off at night on the defendant's property, two bonfires on the defendant's property, the driving and yelling incident witnessed by the plaintiff's children, and the hitting of the truck on October 30 that led to the complaint

2

being filed the next day.  The judge then issued the harassment prevention order, from which the defendant now appeals.[1]

Discussion.  Although the harassment prevention order expired on April 28, 2023, the appeal is not moot because the defendant "still has a stake in the outcome of the appeal, including removing any stigma from [his] name through the destruction of the order."  Seney v. Morhy, 467 Mass. 58, 62 (2014).  In reviewing the issuance of a harassment prevention order, "we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that [did] in fact cause fear, intimidation, abuse or damage to property.'"  A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015), quoting G. L. c. 258E, § 1.  See Gassman v. Reason, 90 Mass. App. Ct. 1, 8 (2016) ("the term 'harass' has a specific definition in this context, derived from the statute and case law, a definition much more exacting than common usage").

Here, the plaintiff presented evidence of two discrete incidents of harassment.  First, the defendant allegedly

---

[1] The plaintiff did not submit a brief to this court.

3

obstructed the plaintiff's truck, told the plaintiff to mind his own business, and then hit the plaintiff's truck. Second, as reported to the plaintiff by his children, the defendant allegedly drove "donuts in the road, burning up" and yelled the plaintiff's name. Assuming without deciding that both incidents were willful acts motivated by cruelty, hostility, or revenge with the intent to cause the plaintiff to experience fear or intimidation, and that the plaintiff did experience fear or intimidation, they constitute only two of the three acts required under the statute.

There was insufficient evidence of a third act. The plaintiff's affidavit addressed only the obstruction and hitting of his truck. At the hearing, the plaintiff testified about that incident and the driving and yelling incident witnessed by his children. Then, at the judge's prompting, the plaintiff initially appeared to testify that the defendant had done "burnouts" in his vehicle and yelled the plaintiff's name "several times," but clarified that the defendant's act of "calling [the plaintiff's] name out" occurred during the incident witnessed by his children, when the plaintiff was in the hospital. Later, under questioning by defense counsel, the plaintiff confirmed that of the five harassing incidents he alleged, only one involved the defendant driving and yelling the plaintiff's name. Three of those five incidents involved the

4

use of fireworks or setting of bonfires on the defendant's property.  Because there was no evidence that these three incidents involved acts "aimed at" the plaintiff or intended to cause him fear or intimidation, they do not qualify as acts of harassment under G. L. c. 258E, § 1.  See C.E.R. v. P.C., 91 Mass. App. Ct. 124, 127-128 (2017); Gassman, 90 Mass. App. Ct. at 9.

Because the evidence, which consisted solely of the plaintiff's affidavit and testimony, failed to establish that the defendant committed three acts of harassment as defined by G. L. c. 258E, § 1, the harassment prevention order should not have issued.  We therefore remand the case to the District Court for entry of an order vacating and setting aside the order dated October 31, 2022, and for further actions required by G. L. c. 258E, § 9.  See F.K. v. S.C., 481 Mass. 325, 335 (2019).

So ordered.

By the Court (Vuono, Shin & Toone, JJ.[2]),

*[signature]*

Assistant Clerk

Entered:  April 26, 2024.

_____

[2] The panelists are listed in order of seniority.

5