NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1274

Y.Z.

vs.

E.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After obtaining an ex parte harassment prevention order against her mother-in-law E.F., the plaintiff, Y.Z., sought to have the order extended for one year.  Following a two-party hearing, however, a District Court judge declined to extend the order any further.

The daughter-in-law appeals, arguing that the judge (1) relied too heavily on the mother-in-law's video evidence, (2) failed to consider the mother-in-law's violation of the wiretap statute, (3) disregarded the difference between the daughter-in-law's open evidence collection versus the mother-in-law's secretive evidence collection, (4) failed to consider the broader circumstances of the situation, (5) neglected to

properly consider the mother-in-law's behavior and intent, (6) failed to evaluate each of the daughter-in-law's allegations of harassment directed at her, (7) neglected to properly consider inconsistencies and contradictions in the mother-in-law's account of events, (8) failed to consider the mother-in-law's violation of the ex parte order, and (9) neglected to consider the welfare of the children.  We affirm.

Discussion.  To obtain a civil harassment prevention order under G. L. c. 258E, § 3 (a), a plaintiff must demonstrate, by a preponderance of the evidence, that the defendant committed three or more acts of harassment within the meaning of G. L. c. 258E, § 1.  See Van Liew v. Stansfield, 474 Mass. 31, 36-37 (2016).  An act constitutes harassment under G. L. c. 258E, § 1, when it is "aimed at a specific person"; consists of "willful and malicious conduct" that is "committed with the intent to cause fear, intimidation, abuse or damage to property," and "does in fact cause fear, intimidation, abuse or damage to property."  See F.K. v. S.C., 481 Mass. 325, 332 (2019).  We review a judge's ruling on a request to extend a harassment prevention order for abuse of discretion or other error of law.  See Wilhelmina W. v. Uri U., 102 Mass. App. Ct. 634, 637 (2023).

Here, the daughter-in-law and the mother-in-law both testified at the hearing.  From the evidence presented, the judge could have found that the parties had been living together

2

in the same household for several years, with the mother-in-law helping to take care of the daughter-in-law's children. At the time that the daughter-in-law sought the harassment prevention order, she was in the middle of a divorce with her husband (the mother-in-law's son), and they all continued to live together under one roof. An issue in the divorce was the schooling of the children; the mother-in-law taught at a school the younger child was attending, and the daughter-in-law wanted the child to attend a Chinese charter school.

According to the daughter-in-law, the mother-in-law put her in fear for her safety and that of her children in the preceding few months by (1) entering her bedroom unannounced and taking her sleeping child out of her arms, (2) blocking her from accessing a closet in the home, preventing her from getting her child's school bag, and pushing her away, and (3) blocking her in the driveway, preventing her from taking her daughters away on a vacation, and threatening to take the children.[1] She also testified that the mother-in-law violated the ex parte order by speaking with the daughter-in-law's child through the child's father's phone.

---

[1] In her affidavit, but not in testimony, the daughter-in-law referenced another incident where the mother-in-law destroyed her Chinese New Year themed decoration.

3

According to the mother-in-law, she never entered the daughter-in-law's bedroom or snatched the child away; rather, the child's father brought the child to the mother-in-law every morning so that she could get the child ready for school. The mother-in-law agreed that there was an incident involving the child's backpack, which was in a closet of the mother-in-law's bedroom, but denied that she threatened or assaulted the daughter-in-law in any way. As to the driveway incident, the mother-in-law testified that her son had positioned his car at the end of the driveway because he wanted to speak with the daughter-in-law before she left, unexpectedly taking one of their children away. She denied being aggressive with the daughter-in-law in any way. She also denied violating the ex parte order, saying that she only spoke with her son on the phone and not with her grandchildren. Moreover, the mother-in-law testified to a number of additional incidents of alleged aggression by the daughter-in-law directed at her.

In short, the judge was presented with conflicting evidence. He took note of the daughter-in-law's four claimed incidents of harassment and acknowledged the mother-in-law's denials. Determining that both parties gave "equally credible recitations of fact," he found that the daughter-in-law failed to establish that her version of events was more likely to be true and that therefore she failed in her burden of proving her

4

allegations by a preponderance of the evidence.  See F.K., 481 Mass. at 332 n.11 (plaintiff must establish entitlement to relief by preponderance of evidence).

The judge's resolution of conflicting evidence is not open to challenge, so long as his findings are supported in the evidence.  See Bayer Corp. v. Commissioner of Revenue, 436 Mass. 302, 306-307 (2002) (resolution of conflicts in evidence and credibility of witnesses within province of board as fact finder); Crown v. Kobrick Offshore Fund Ltd., 85 Mass. App. Ct. 214, 226 (2014) (where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous); Commonwealth v. Tanner, 66 Mass. App. Ct. 432, 437 (2006) ("task of assessing the cogency of evidence and resolving conflicting testimony is the exclusive province of the fact finder").  See also F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 601 (2015) (whether or not harassment occurred will be for judge "who has heard the evidence and can best determine its credibility" [citation omitted]).  Apart from the wiretap argument,[2] the daughter-in-law's claims on appeal all challenge the weight, rather than the admissibility of the evidence.

---

[2] The daughter-in-law's argument regarding violation of the wiretap statute challenges the admissibility of the mother-in-law's evidence.  Where the judge found that the daughter-in-law's evidence was insufficient to meet her burden, the mother-in-law's evidence is of no matter.

5

Since the judge was entitled to resolve the conflicting evidence in the manner that he did, we discern no abuse of discretion or other error of law.

> Order denying extension of harassment prevention order affirmed.
>
> By the Court (Neyman, Singh & Toone, JJ.[3]),
>
> Clerk

Entered: April 17, 2025.

---

[3] The panelists are listed in order of seniority.