NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1078

P.H.

vs.

G.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of a harassment prevention order (order) issued against him pursuant to G. L. c. 258E, § 3, following a hearing after notice.  He argues that the order was extended in error because the evidence was insufficient to establish three or more acts of harassment, as required by G. L. c. 258E, § 1.[1]  We agree and vacate the order.

Discussion.  When reviewing a harassment prevention order issued pursuant to the first prong of the statute, "we consider whether the judge could find, by a preponderance of the

_____

[1] The defendant also seeks review of the ex parte order, claiming a conflict of interest on the part of that judge.  Given our decision, we need not address this argument.  In any event, that order is not reviewable on appeal.  See V.M. v. R.B., 94 Mass. App. Ct. 522 (2018).

evidence, together with all permissible inferences, that the defendant committed '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that [did] in fact cause fear, intimidation, abuse or damage to property.'" A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015), quoting G. L. c. 258E, § 1. "The plaintiff bears the burden of proving that each of the three qualifying acts was maliciously intended, defined by G. L. c. 258E, § 1, as being 'characterized by cruelty, hostility or revenge,' and that each act was intended by the defendant to place the plaintiff in 'fear of physical harm or fear of physical damage to property.'" A.T., supra, quoting O'Brien v. Borowski, 461 Mass. 415, 427 (2012).

Here, the judge found three acts of harassment: the first occurred in the spring of 2022, the second in the spring of 2024, and the third on April 24, 2024. During the spring 2024 incident, the plaintiff, the former head of a private school, was picking up a prescription from a pharmacy when the defendant, whose son was dismissed from that school six years earlier, spotted the plaintiff standing in the aisle. The defendant then "ran up toward" the plaintiff, and began a "loud, profane, extended rant" that lasted a couple of minutes, during which the defendant said, "You ruined my son's life," and, "You're a horrible person"; twice called the plaintiff "a piece

2

of shit"; and suggested that the plaintiff was catering to wealthy donors at the school.  The plaintiff testified that this interaction made him feel nervous, and that it caused the pharmacist to offer to call the police.  The defendant left the store shortly thereafter.

While certainly upsetting, the defendant's conduct on this occasion did not amount to harassment within the meaning of G. L. c. 258E, § 1.  See Gassman v. Reason, 90 Mass. App. Ct. 1, 8 (2016).  Cf. Seney v. Morhy, 467 Mass. 58, 63-64 (2014) (evidence that defendant "verbally attacked and threatened to have [the plaintiff] thrown off the team in front of numerous other parents" and "attacked [the plaintiff's] personal being in front of every single parent" insufficient to constitute harassment).  Contrast V.J. v. N.J., 91 Mass. App. Ct. 22, 23-28 (2017) (sufficient evidence of three acts where defendant grabbed plaintiff from behind across her chest in a "bear hug" as if attempting to "abduct her"; "verbally assault[ed]" her and threatened her job; and refused to leave until police removed him).  See C.E.R. v. P.C., 91 Mass. App. Ct. 124, 131-132 (2017) ("boorish and no doubt upsetting [conduct] . . . [does] not constitute 'harassment' within the meaning of c. 258E").

In the absence of three acts of harassment,[2] the evidence was insufficient to extend the order.  We therefore remand the case to the Boston Municipal Court for entry of an order vacating and setting aside the order dated June 21, 2024, and for further actions required by G. L. c. 258E, § 9.  See F.K. v. S.C., 481 Mass. 325, 335 (2019).

So ordered.

By the Court (Blake, C.J.,
Ditkoff & Brennan, JJ.[3]),

Clerk

Entered:  June 6, 2025.

---

[2] As we conclude that the spring 2024 incident does not meet the statutory definition of harassment, we need not address the sufficiency of the remaining two acts.

[3] The panelists are listed in order of seniority.

4