NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-730

K.C.

vs.

P.O.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a harassment prevention order issued following a two-party hearing after notice, pursuant to G. L. c. 258E, § 3.  Concluding that the order was not supported by evidence of three separate acts of willful and malicious conduct, we remand for entry of orders vacating and setting aside the order.

Background.  On April 29, 2025, a District Court judge conducted a two-party hearing after notice to the plaintiff and defendant.  The plaintiff testified and offered in evidence three photographs of a post from the defendant's Facebook page. The defendant did not testify.  According to the plaintiff, the defendant was the plaintiff's ex-husband's ex-girlfriend.

Discussion.  We review an order pursuant to G. L. c. 258E to determine "whether the judge could find, by a preponderance

of the evidence, together with all permissible inferences, that the defendant committed '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that [did] in fact cause fear, intimidation, abuse or damage to property.'" A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015), quoting G. L. c. 258E, § 1. Accord J.C. v. J.H., 92 Mass. App. Ct. 224, 227 (2017). In this context, willful and malicious conduct is defined as acts "characterized by cruelty, hostility or revenge." O'Brien v. Borowski, 461 Mass. 415, 420 (2012), quoting G. L. c. 258E, § 1.

In her affidavit in support of the application, the plaintiff alleged three incidents of harassment: (1) on April 17, 2025, the defendant circled the area of the plaintiff's workplace trying to intimidate her; (2) on April 21, 2025, the defendant drove by the plaintiff's workplace and yelled, "I'll see you in Byfield tomorrow" (Byfield was the location of the plaintiff's daughter's softball game); and (3) on April 23, 2025, the defendant was parked down the street from the plaintiff's house. During the hearing, the plaintiff reaffirmed these assertions. However, these claims lacked any context or specific information about the defendant's behavior that would permit an inference as to intent, and therefore cannot reasonably be construed as "intimidation, intending to cause

2

fear of physical harm or damage to property." Gassman v. Reason, 90 Mass. App. Ct. 1, 9 (2016).[1]

The plaintiff also testified at the hearing that the defendant posted on Facebook a photograph of the plaintiff's mother's grave with the message, "twenty-five years is a long time . . . join her. Try some pills with that Tito's - You left a handle in that garage."[2] Even if we were to consider this Facebook post as qualifying conduct, it would constitute only one of the three acts of harassment required to issue an harassment prevention order under the statute. See G. L. c. 258E, §§ 1, 3.

In sum, we conclude that the harassment prevention order against the defendant should not have issued because it was not supported by evidence of three separate acts of willful and malicious conduct. Therefore, we remand the case to the District Court for entry of an order vacating and setting aside

---

[1] Under different circumstances, repeatedly appearing at a person's place of work or home might well be qualifying conduct under c. 258E. See, e.g., V.J. v. N.J., 91 Mass. App. Ct. 22, 27 (2017) (defendant's confrontation on bus where plaintiff worked as driver along with stated goal of engaging in daily confrontations was act of harassment).

[2] The plaintiff testified at there were other concerning Facebook posts, but they "could have been towards anyone because there was no evidence that [they] had a connection to me." See F.K. v. S.C., 481 Mass. 325, 332 (2019) ("As a threshold matter, a plaintiff must demonstrate that a defendant engaged in [three] or more acts, each aimed at a specific person" [quotations and citation omitted]).

the April 29, 2025 harassment prevention order and ordering

destruction of "all record" of the order as required by G. L. c.

258E, § 9.  See C.E.R. v. P.C., 91 Mass. App. Ct. 124, 132 n.17

(2017).

So ordered.

By the Court (Meade,
Massing & Brennan, JJ.[3]),

Clerk

Entered:  February 18, 2026.

---

[3] The panelists are listed in order of seniority.

4