RICHARD W. FRIZADO *vs.* SHIRLEY A. FRIZADO
& another.[1]

Suffolk. April 4, 1995. - June 15, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Abuse Prevention. Constitutional Law*, Trial by jury, Self-incrimination.
*Due Process of Law*, Abuse prevention.

A defendant against whom an order was sought under the provisions of
G. L. c. 209A was not entitled to a trial by jury pursuant to art. 12 of
the Massachusetts Declaration of Rights. [594-595]

A defendant against whom an order was sought under the provisions of
G. L. c. 209A was not entitled to a jury trial pursuant to art. 15 of the
Massachusetts Declaration of Rights where no common law right to
trial by jury existed with respect to the wrongs or threats for which the
statute provides a remedy. [595-596]

The procedures prescribed for the issuance of orders under G. L. c. 209A
do not compel a person charged thereunder to furnish evidence against
himself in violation of his right under art. 12 of the Massachusetts Dec-
laration of Rights. [596]

General Laws c. 209A does not on its face violate the right to due process
of law guaranteed by art. 12 of the Massachusetts Declaration of
Rights. [596-598]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on September 26, 1994.

The case was heard by *Nolan*, J.

*Paul W. Patten* for the plaintiff.

*Edward D. Rapacki*, Assistant Attorney General, for Fall
River Division of the District Court Department of the Trial
Court.

---

[1]The Fall River Division of the District Court Department of the Trial
Court. The defendant Shirley A. Frizado has not filed a brief in this
appeal.

*Toni G. Wolfman, Anthony Mirenda, Michele A. Whitham, Claire Laporte & Mark Rosen,* for Domestic Violence Council & others, amici curiae, submitted a brief.

WILKINS, J. We are concerned with constitutionally based arguments that challenge the lawfulness of abuse prevention orders issued against Richard W. Frizado on the complaint of his former wife. In August and September, 1994, respectively, a District Court judge issued preliminary and permanent orders against Frizado pursuant to G. L. c. 209A (1992 ed.).

Frizado moved unsuccessfully in the District Court to dismiss the complaint and ex parte orders that had been issued pursuant to the complaint, on the grounds that the procedures prescribed by G. L. c. 209A violated his rights under the Declaration of Rights of the Constitution of the Commonwealth (1) to a jury trial (arts. 12 and 15), (2) not to be compelled to furnish evidence against himself (art. 12), and (3) to due process of law (art. 12).

Frizado commenced this action under G. L. c. 211, § 3 (1992 ed.), seeking relief from the G. L. c. 209A order issued against him after a hearing, alleging that G. L. c. 209A is facially invalid. The use of G. L. c. 211, § 3, to challenge an order entered under G. L. c. 209A was proper. *Callahan* v. *Boston Mun. Court Dep't,* 413 Mass. 1009 (1992). A single justice denied relief without issuing an opinion, and Frizado appealed. We shall refer to Frizado as the defendant because that was his status in the District Court proceeding. His challenges are based exclusively on the Constitution of the Commonwealth and assert the facial invalidity of G. L. c. 209A.

We shall reject the defendant's substantive challenges. First, however, we must consider the consequences of the fact that on October 14, 1994, the same day that the single justice denied relief, a District Court judge, other than the one who had entered it, vacated the outstanding abuse prevention order on the motion of the complainant. The defendant argues nevertheless that his appeal is not moot because he has a continuing stake in the appeal. See *Johnson* v. *Common-*

*wealth,* 409 Mass. 712, 716 n.6 (1991); *Department of Youth Servs.* v. *A Juvenile,* 384 Mass. 784, 785-787 (1981); *Blake* v. *Massachusetts Parole Bd.,* 369 Mass. 701, 703-704 (1976). He asserts that the abuse prevention orders could have an adverse effect on him in any future G. L. c. 209A proceeding and in certain future bail proceedings. The assertion has some merit, assuming that the allowance of the motion to vacate the outstanding G. L. c. 209A order does not result in the removal from probation records of all abuse prevention orders entered in this G. L. c. 209A proceeding.[2] The record does not indicate what effect the order vacating the outstanding abuse prevention order may have on probation records. The Attorney General on behalf of the Fall River District Court makes no claim that the issues are moot. The issues may be expected to arise in other proceedings. We therefore address the defendant's arguments.

1. We consider first the claim that the Constitution of the Commonwealth requires that complaints under G. L. c. 209A concerning protection from abuse must be tried to a jury. The defendant makes separate arguments under arts. 12 and 15 of the Declaration of Rights.

The guarantee of art. 12 that "no subject shall be . . . deprived of his property . . . but by the judgment of his peers," is not violated when, without a jury trial, a court enters an order under G. L. c. 209A, provided that, in its implementation, the order does not confiscate property as a punishment for the commission of a crime. See *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. 198, 201-202

---

[2]In any future matter involving a complaint under G. L. c. 209A, the judge must consider whether the defendant has a record of domestic violence contained in the Statewide domestic violence record keeping system of the commissioner of probation. G. L. c. 209A, § 7. See G. L. c. 276, § 85 (1992 ed.).

When the Commonwealth moves in a criminal case for an order that the defendant is dangerous and should not be released on bail, the judge may consider whether the defendant has a history of orders issued against him under G. L. c. 209A, in deciding whether there are conditions of release that will assure the public safety. G. L. c. 276, § 58A (5) (Supp. Dec., 1994).

(1982); *Commonwealth* v. *United Food Corp.*, 374 Mass. 765, 778-781 (1978). An order pursuant to G. L. c. 209A that requires a defendant to stay away from property in which the defendant has an interest (which is not the situation in the case before us) is not punitive in purpose. Relief granted pursuant to G. L. c. 209A, §§ 3, 4, and 5, is largely prospective (see, however, § 3 [*f*], concerning compensation for losses resulting from abuse), and thus the statutory process for issuing such an order appears unlikely in its application ever to involve a violation of art. 12 jury trial rights. See *Commonwealth* v. *Barboza*, 387 Mass. 105, 112-113, cert. denied, 459 U.S. 1020 (1982), in which the balancing of interests affected, including the State's interest in expedited hearings, indicated that art. 12 did not require a jury trial in the circumstances of that case. Consequently, the defendant's art. 12 rights were not violated by trial before a judge without a jury.

Article 15 does not require that there be a jury trial in a proceeding under G. L. c. 209A. Article 15 generally provides an opportunity for a jury trial in a civil action between two or more persons "except in cases in which it has heretofore been otherways used and practiced." Article 15 thus preserves the common law right to trial by jury established when the Constitution of the Commonwealth was adopted in 1780. *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 185-186 (1989). The wrongs or threats for which G. L. c. 209A provides a remedy do not appear to be ones that juries considered under the common law of the Commonwealth. See *id.* at 186. Nothing similar to injunctive relief forbidding future domestic abuse and mandating that a person stay away from a complainant seems to have existed at common law. Cf. *Commonwealth* v. *Guilfoyle*, 402 Mass. 130, 135-136 (1988) (new cause of action, not a new version of a traditional proceeding; no art. 15 right to jury trial); *Commonwealth* v. *Mongardi*, 26 Mass. App. Ct. 5, 8-9 (1988). See also *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220, 228 (1994) ("art. 15 does not guarantee a right to a

trial by jury in the class of cases traditionally reserved for courts of equity").

2. The processes of G. L. c. 209A do not compel a defendant to abandon his privilege against self-incrimination guaranteed by art. 12. They do not force a defendant to testify or to present a defense, nor do they coerce a waiver of rights against self-incrimination. The burden is on the complainant to establish facts justifying the issuance and continuance of an abuse prevention order. The court must on request grant a "defendant an opportunity to be heard on the question of continuing the temporary order and of granting other relief." G. L. c. 209A, § 4. That opportunity, however, places no burden on a defendant to testify or to present evidence. The defendant need only appear at the hearing. *Id.*

The plaintiff must make the case for the awarding of relief. An inference adverse to a defendant may properly be drawn, however, from his or her failure to testify in a civil matter such as this, even if criminal proceedings are pending or might be brought against the defendant. See *McGinnis* v. *Aetna Life & Casualty Co.*, 398 Mass. 37, 39 (1986); *Commonwealth* v. *United Food Corp.*, *supra* at 771-772. The fact that the defendant may refuse to testify on the ground of self-incrimination does not bar the taking of an adverse inference. See *Quintal* v. *Commissioner of the Dep't of Employment & Training*, 418 Mass. 855, 861 (1994). However, the inference cannot alone meet the plaintiff's burden. See *McGinnis* v. *Aetna Life & Casualty Co.*, *supra*; *Custody of Two Minors*, 396 Mass. 610, 616 (1986). Thus a defendant's failure to testify cannot be used to justify the issuance of an abuse prevention order until a case is presented on other evidence. *Id.*

3. Chapter 209A does not facially violate a defendant's right to due process of law stated in art. 12. The defendant argues that the absence of procedural safeguards makes G. L. c. 209A unconstitutional on its face.[3] A statute such as

---

[3]Because a G. L. c. 209A proceeding is a civil, and not a criminal, proceeding, the constitutional right to confront witnesses and to cross-examine

G. L. c. 209A need not repeat procedural practices that are established as generally acceptable. A court will fill in necessary and appropriate procedural elements unless circumstances indicate a contrary legislative intent. Cf. *Aime* v. *Commonwealth*, 414 Mass. 667, 683 (1993) (Legislature's elimination of constitutional safeguards from proposed legislation foreclosures judicial adoption of them to save statute from constitutional attack). Although it is not expressly stated in G. L. c. 209A, it follows from custom and practice in civil cases that a G. L. c. 209A plaintiff must make a case for relief by a preponderance of the evidence. The circumstances of a G. L. c. 209A hearing do not require that a higher burden of proof be met. See *Medical Malpractice Joint Underwriting Ass'n* v. *Commissioner of Ins.*, 395 Mass. 43, 46-47 (1985).[4] The right of the defendant to be heard includes his right to testify and to present evidence.

A defendant has a general right to cross-examine witnesses against him. There may be circumstances in which the judge properly may deny that right in a G. L. c. 209A hearing, and certainly a judge may limit cross-examination for good cause in an exercise of discretion. See *Commonwealth* v. *Durling*, 407 Mass. 108, 113, 117-118 (1990). The practice in civil actions, however, is to permit cross-examination (which is what happened in the case before us). See *Adoption of Mary*, 414 Mass. 705, 710 (1993); *Roche* v. *Massachusetts Bay Transp. Auth.*, 400 Mass. 217, 222 (1987); *Custody of Two Minors*, 19 Mass. App. Ct. 552, 556 (1985). A defendant or his counsel should be given adequate opportunity to consider any affidavit filed in the proceeding on which the judge intends to rely before being required to elect whether to cross-examine the complainant or any other witness. On the other hand, the rules of evidence need not be followed,

---

them set forth in art. 12 of the Declaration of Rights has no application in this case.

[4]A judge may enter a temporary order only "[i]f the plaintiff demonstrates a substantial likelihood of immediate danger of abuse . . . ." G. L. c. 209A, § 4.

·

provided that there is fairness in what evidence is admitted and relied on.

The Legislature devised a procedure in G. L. c. 209A that is intended to be expeditious and as comfortable as it reasonably can be for a lay person to pursue. Judges often must deal with large numbers of these emotional matters in busy court sessions. The process must be a practical one. The general pattern to be followed in G. L. c. 209A proceedings is both fair and reasonably clear. Whether a defendant's constitutional rights have been violated will depend on the fairness of a particular proceeding. Apart from the facial challenges that we have discussed and rejected, the defendant makes no claim that the hearing and decision in the matter before us denied him due process of law.[5]

*Judgment affirmed.*

---

[5]Many of the principles that we have stated also appear in the District Court's Draft Standards of Judicial Practice, Abuse Prevention Proceedings (Dec., 1994). See, e.g., § 5:01 ("Both parties must be allowed to present evidence"; "The plaintiff bears the burden of proof"; "Neither the defendant nor the plaintiff should be compelled to provide incriminating information"); § 5:03 ("The court need not apply the rules of evidence"); § 5:04 ("The standard of proof in c. 209A hearings is the civil standard of preponderance of the evidence").

On the other hand, our view of the right of a defendant to cross-examine witnesses expresses a due process, fairness standard that § 5:01 of the abuse prevention standards does not express in the same way. The District Court standards (§ 5:01) state that "cross examination may be limited to the extent deemed appropriate by the court." The judge's discretion in restricting cross-examination may not be unlimited in particular situations. We agree when § 5:01 adds that "the court should not permit the use of cross examination for harassment or discovery purposes. However, each side must be given a meaningful opportunity to challenge the other's evidence."