TIMOTHY SILVIA vs. MARIA DUARTE & another.[1] December 6, 1995.

*Supreme Judicial Court*, Superintendence of inferior courts. *Abuse Prevention. Evidence*, Cross-examination.

The petitioner, Timothy Silvia, appeals from a judgment entered on the denial by a single justice of this court of a petition for relief under G. L. c. 211, § 3 (1994 ed.). The petitioner claimed in his petition that he had, and had improperly been denied, a right to cross-examine the respondent, Maria Duarte, who had sought a restraining order against him under G. L. c. 209A (1994 ed.), in the Attleboro District Court. The single justice entered a memorandum of decision in which he concluded that, while cross-examination generally should be allowed in this type of action, the judge's refusal to permit it did not create a miscarriage of justice warranting relief under G. L. c. 211, § 3. We affirm the judgment.

The petitioner's arguments that he was entitled to relief under G. L. c. 211, § 3, have to be evaluated against the familiar standard that a decision of a single justice denying such relief will not be disturbed absent clear error of law or abuse of discretion. *Department of Mental Retardation* v. *Kendrew*, 418 Mass. 50, 53 (1994). The single justice heard and decided the petition prior to the decision in *Frizado* v. *Frizado*, 420 Mass. 592 (1995), in which this court discussed the process which should be followed at a G. L. c. 209A hearing. The single justice correctly anticipated what was said in the *Frizado* decision about cross-examination: "A defendant has a general right to cross-examine witnesses against him. There may be circumstances in which the judge properly may deny that right in a G. L. c. 209A hearing, and certainly a judge may limit cross-examination for good cause in an exercise of discretion." *Id.* at 597. The single justice

---

[1]The Attleboro Division of the District Court Department of the Trial Court was named as a respondent in the case. In keeping with the usual practice, we designate the judicial respondent as a nominal party.

also correctly reasoned, as the *Frizado* decision states, that "[w]hether a defendant's constitutional rights have been violated [in a G. L. c. 209A proceeding] will depend on the fairness of a particular proceeding." *Id.* at 598.

The single justice put the issue before him in terms of whether "the failure of the judge to permit cross-examination cause[d] some miscarriage of justice that need[ed] to be cured by granting relief under G. L. c. 211, § 3?" The petitioner and Duarte were not married. There were no children, and no common domicil that had to be vacated. In evaluating Duarte's application, the judge properly considered his knowledge of court records which disclosed that the petitioner had a history of violence directed at Duarte and others which had resulted in the petitioner's imprisonment. Duarte appeared pro se. The judge afforded the petitioner's counsel an opportunity to speak on the petitioner's behalf after counsel indicated that the petitioner would decline to testify and would claim his right against self-incrimination in view of a pending criminal action. The order that entered was simply an order that the petitioner stay away from Duarte, and, as such, the order constituted a minimal intrusion on the petitioner's rights.

Based on these considerations, the single justice concluded that, "the larger record concerning the [petitioner's] past conduct that was available to the judge and the judge's previous experience with the [petitioner] show that the denial of cross-examination was not an abuse of discretion or prejudicial. A rehearing would produce the same result. The absence of the right to cross-examine [Duarte] was not prejudicial to any interest of the [petitioner] that might deserve protection under G. L. c. 211, § 3." We agree. The petitioner did not demonstrate circumstances which entitle him to relief.

*Judgment affirmed.*

*Paul W. Patten* (*Michael J. Suneson* with him) for the plaintiff.

*Edward D. Rapacki*, Assistant Attorney General, for Attleboro Division of the District Court Department of the Trial Court.