The defendant, E.P., appeals pro se from an abuse prevention order issued by a judge of the Probate and Family Court, dated April 21, 2017. On appeal, he claims (1) G. L. c. 209A is unconstitutional and (2) the abuse prevention order issued against him should be vacated, asserting there was insufficient evidence to support it. We affirm.
1. Constitutionality of G. L. c. 209A. Assuming the matter is properly before us, see G. L. c. 231A, § 8, the defendant makes a facial claim that G. L. c. 209A violates the due process rights of defendants. We disagree. "Whether a defendant's constitutional rights have been violated will depend on the fairness of a particular proceeding." Frizado v. Frizado, 420 Mass. 592, 598 (1995). Due process fundamentally requires a defendant an opportunity to be heard, a right to present evidence, and a general right to cross-examine witnesses. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 597. This case illustrates the due process protections that are available under the statute. On April 21, 2017, an evidentiary hearing was held for a judge to determine whether the abuse prevention order against the defendant should be extended. During that hearing, the defendant was present in the courtroom, was represented by counsel, and was provided an opportunity to be heard. He was permitted to testify on his own behalf and his attorney cross-examined the plaintiff. The defendant was also able to present evidence including a police report from an earlier incident. He received all the process he was due.[2]
2. The order in this case. An abuse prevention order may be extended if it is demonstrated, by a preponderance of the evidence, that the order is necessary to protect the party from "abuse" as defined in G. L. c. 209A, § 1. See Iamele v. Asselin, 444 Mass. 734, 739 (2005). "Typically, the inquiry will be whether a plaintiff has a reasonable fear of 'imminent serious physical harm.' " Id. at 739-740, quoting from G. L. c. 209A, § 1(b ). "The only criterion for extending the original order is a showing of continued need for the order." Pike v. McGuire, 47 Mass. App. Ct. 929, 929 (1999). Here, the plaintiff testified that she was presently in fear and scared of the defendant. The judge expressly credited the plaintiff's testimony and found "by a preponderance of the evidence that [the plaintiff] continues to credibly be in fear." There was neither an error nor an abuse of discretion in extending the abuse prevention order.
Order dated April 21, 2017, affirmed.

The Supreme Judicial Court has already rejected the defendant's additional claim that an abuse prevention order should issue only after a jury trial. Frizado, 420 Mass. at 595.