The plaintiff applied for a G. L. c. 209A abuse prevention order against the defendant. A District Court judge denied the plaintiff's request at both the ex parte hearing and the hearing after notice ten days later. On appeal, the plaintiff argues that the judge applied the wrong legal standards to evidentiary issues and to the ultimate question of whether the plaintiff had proved "abuse" within the meaning of c. 209A. Because we cannot discern from the record whether the judge believed that he was required to apply strict rules of evidence at the hearing, or merely used his discretion to apply the rules of evidence, we vacate the denial of the application and remand the case for a new hearing.
Background. The plaintiff's testimony and affidavit submitted at the hearing after notice established the following. The defendant is the plaintiff's first cousin. When the plaintiff was six years old, and the defendant significantly older, he began touching her inappropriately. On two occasions he forced her to perform oral sex on him, and on one occasion he raped her. The plaintiff believed that further incidents occurred, but did not specifically recall them. At the time of the assaults, the plaintiff told her second cousin, who was approximately the same age as her, that she knew what sex was because the defendant showed her. The abuse stopped when the plaintiff was ten years old: the defendant joined the Army and left Massachusetts, then spent years in and out of prison.
Years later, the plaintiff disclosed these incidents to her therapist, the police, and the parties' family. The State police investigated the plaintiff's claims, interviewing the plaintiff, her immediate family, and the defendant. The investigators told the plaintiff that although they believed her, they recommended not pursuing a criminal case because of the lack of physical evidence and the passage of time. The defendant was later released from prison and was living in Boston. When he learned that she was telling family members about what he had done to her, he sent her a message on Facebook threatening to take legal action against her, which, she feared, would jeopardize her job.
The judge refused to admit a package of supporting documentation offered by the plaintiff, including a written statement from the plaintiff's treating psychologist, corroborating the traumatic injury the plaintiff suffered as the result of the defendant's conduct. The defendant testified at the hearing and denied the plaintiff's allegations.
The judge concluded that the plaintiff did not prove by a preponderance of the evidence that the defendant had sexually abused her. The judge further found that the plaintiff did not show a reasonable fear of imminent serious physical harm from the defendant. Accordingly, the judge denied the plaintiff's request for a c. 209A order.
Discussion. "We review the issuance of an order pursuant to G. L. c. 209A for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013). Under c. 209A, "a person 'suffering from abuse' by a 'family or household member' may seek protection from such abuse by application to the court for an order requiring the defendant (among other measures) to refrain from abusing or contacting the victim." Carroll v. Kartell, 56 Mass. App. Ct. 83, 85 (2002). Abuse is defined as any of the following: "(a ) attempting to cause or causing physical harm; (b ) placing another in fear of imminent serious physical harm; [or] (c ) causing another to engage involuntarily in sexual relations by force, threat or duress." Id., quoting G. L. c. 209A, § 1. The plaintiff alleged the third type of abuse.
Unlike a plaintiff alleging abuse under G. L. c. 209A, § 1 (b ), a plaintiff alleging abuse under § 1 (a ) or § 1 (c ) is not required to prove imminent harm. See McIsaac v. Porter, 90 Mass. App. Ct. 730, 733-734 (2016) ; Callahan v. Callahan, 85 Mass. App. Ct. 369, 373-374 (2014). Where, as here, the alleged abuse is based on the plaintiff having been subject to physical harm or forced sexual relations in the past, the judge must conduct a "discerning appraisal" to determine whether an abuse prevention order is necessary "to protect the plaintiff from the impact of the violence [or forced sexual relations] already inflicted." Callahan, supra at 374.[2]
The plaintiff asserts that we should reject the judge's factual finding that she failed to present adequate proof of past abuse because his evidentiary rulings were erroneous. One of the errors that the plaintiff identifies is the judge's ruling that the rules of evidence strictly applied. It is well established that in c. 209A cases "the rules of evidence need not be followed, provided that there is fairness in what evidence is admitted and relied on." Frizado v. Frizado, 420 Mass. 592, 597-598 (1995). See Matter of G.P., 473 Mass. 112, 122 (2015) ; Guidelines for Judicial Practice: Abuse Prevention Proceedings (Guidelines) §§ 3:06, 5:03 (2011). As an example, testimony that would otherwise be hearsay, such as "The doctor said that I had a concussion," can be admitted in c. 209A proceedings. Guidelines § 5:03 commentary.
The judge here, however, insisted, "The rules of evidence apply. Not loosely. They apply." He maintained this hard line even after counsel for the plaintiff directed the judge's attention to Matter of G.P. and Frizado. Although the judge had the discretion to apply the rules of evidence, he was not obligated to do so. Frizado, supra. As a result, the judge refused to consider the plaintiff's evidence that she had suffered and continues to suffer from posttraumatic stress disorder (PTSD), depression, and extreme anxiety, requiring "significant mental health treatment," and that the defendant's reappearance in her life had exacerbated her PTSD and anxiety. Such evidence arguably supported her claim of abuse, and is precisely the type of evidence that the judge may consider to conduct the "discerning appraisal" described in Callahan, 85 Mass. App. Ct. at 374. Because the judge erroneously ruled that the rules of evidence necessarily apply, we cannot say that the judge properly acted within his discretion.
Conclusion. In light of the foregoing,[3] we vacate the denial of the plaintiff's application for a c. 209A order and remand the case to the District Court for a new hearing.
So ordered.
Vacated and remanded

The plaintiff contends that the judge erred by requiring her to show not only that past abuse occurred, but also that she had a reasonable fear of imminent harm. It is true that after first finding that the plaintiff had failed to carry her burden of proving past abuse, the judge further ruled, as an alternative ground for denying the application, that the plaintiff had not shown "a reasonable fear of imminent serious physical harm from the defendant." On the view we take of this case, we need not decide whether the judge's first finding was an independent, sufficient ground on which to deny the petition, or whether it was influenced by his erroneous application of the § 1 (b ) standard in making the alternative finding.

We need not address the plaintiff's additional claims of error, except to note, for the purposes of the new hearing, that the judge should take care in assessing evidence that criminal charges against the defendant were not pursued. We have held that a grand jury's failure to return an indictment for rape does not preclude the issuance of a c. 209A order based on the same allegations. See Doe v. Keller, 57 Mass. App. Ct. 776, 779 (2003) (grand jury's inquiry in determining whether to indict is not same as judge's inquiry in determining whether to issue abuse prevention order).