This is an appeal from the extension of a harassment protection order under G. L. c. 258E. We affirm.
Background.[2] The plaintiff and her family, including five children, were tenants for five months in 2012 in an apartment building in Somerville that the defendant owned and in which she resided. Shortly after moving in, friction arose between the defendant, and the plaintiff and her family. This friction escalated and eventually the defendant began aggressively accosting the plaintiff and her children. Among other things, the defendant would yell at the plaintiff and her children, referencing their Muslim religion. The defendant told the children, for example, that they were "wicked" and "evil" and "[b]ecause they are Muslims ... they will be delivered in hell." The police were called. The plaintiff sought a restraining order under c. 258E, which was first granted ex parte on June 29, 2012, and then extended for six months at a hearing on July 17, 2012. Both parties appeared at the July 17, 2012, hearing.
On August 28, 2012, a few days before the plaintiff's lease was to expire and while the harassment protection order was in effect, the defendant encountered the plaintiff in the apartment building and pushed her down a flight of stairs, causing her material injuries. The defendant was convicted of assault and battery, a conviction that was upheld by the Supreme Judicial Court.
The defendant did not appeal from the June 29, 2012, ex parte order or the July 17, 2012, order. Nor did she appeal from further extension orders entered on January 17, 2013, January 17, 2014, and January 15, 2015. The last of these orders was a three-year extension, expiring January 15, 2018.
On January 29, 2018,[3] the plaintiff sought to extend the order again, and asked that it be made permanent. Both parties appeared and testified. Although the plaintiff and her family had moved out of the apartment in 2012, the plaintiff testified that she still encountered the defendant when she was out around town, that she had run into the defendant at local stores twice in the months prior to the hearing, and that she and her children remained in fear of the defendant and what she might do if the order was lifted. The defendant denied that she frequented the stores that the plaintiff identified, and pointed out that she had had no contact with the plaintiff in over five years.
The judge, who was the same judge who had granted two of the prior extension orders and had presided over the defendant's criminal trial, granted the extension for five more years, until 2023. He credited the plaintiff's testimony that she still encountered the defendant around town, and he noted concerns over the defendant's credibility based upon past hearings. He concluded:
"So there is a likelihood of encountering each other, and the circumstances have obviously changed, but they have not changed so significantly that she would not need the protection of the harassment prevention order."
The defendant appeals.
Discussion. This appeal is from the 2018 extension order, not the initial order granted in 2012. Under c. 258E, the judge may "extend the order for any additional time reasonably necessary to protect the plaintiff." G. L. c. 258E, § 3 (d ). The statute also states: "The fact that harassment has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order, or allowing an order to expire or be vacated or for refusing to issue a new order." Id.
The above language from c. 258E, § 3 (d ), is nearly identical to the language governing extensions under G. L. c. 209A, § 3, and the two statutes have been construed similarly in several contexts. See A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (2017) ("[T]he language in c. 258E is analogous to the language found in c. 209A. For this reason, for the most part, both the Supreme Judicial Court and this court have applied the case law relating to c. 209A to cases arising under c. 258E" [quotation and citation omitted] ); F.A.P. v. J.E.S. 87 Mass. App. Ct. 595, 601 n.14 (2015) (noting that procedures under c. 209A and c. 258E are "very similar"). The Supreme Judicial Court addressed the standard for granting extensions in Iamele v. Asselin, 444 Mass. 734, 739-740 (2005), in the c. 209A context:
"The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1. See Frizado v. Frizado, 420 Mass. 592, 596 (1995).... In evaluating whether a plaintiff has met her burden, a judge must consider the totality of the circumstances of the parties' relationship.... The judge is to consider the basis for the initial order in evaluating the risk of future abuse should the existing order expire. This does not mean that the restrained party may challenge the evidence underlying the initial order.... Other factors that the judge should consider include, but are not limited to: the defendant's violations of protective orders, ongoing child custody or other litigation that engenders or is likely to engender hostility, the parties' demeanor in court, the likelihood that the parties will encounter one another in the course of their usual activities (e.g., residential or workplace proximity, attendance at the same place of worship), and significant changes in the circumstances of the parties. No one factor is likely to be determinative."
Thus, the question before the judge was whether an extension of the order was necessary to protect the plaintiff from harassment as defined in c. 258E, and in particular whether the plaintiff remained reasonably in fear of the defendant. The judge could take into account "the entire history of the parties' relationship," including "any trauma or threat of harm to the [plaintiff's] minor children." Smith v. Jones, 75 Mass. App. Ct. 540, 544 (2009). See generally Vittone v. Clairmont, 64 Mass. App. Ct. 479, 485-487 (2005). Importantly, in conducting this evaluation the defendant is not free to challenge the evidence underlying the initial order.
We review the judge's decision for abuse of discretion, and that discretion has been described as "wide." Smith, 75 Mass. App. Ct. at 544. We discern no abuse of discretion in the extension order here. Much of the defendant's challenge is addressed to the sufficiency of the evidence for the initial order.[4] That initial order was never appealed, and no challenge to the initial order is available to the defendant now. See Iamele, 444 Mass. at 742.
To the extent the defendant's arguments challenge the sufficiency of the evidence supporting the 2018 extension, her arguments take issue with contested facts that the judge resolved against her, such as whether the parties had recently been in the same local stores and the likelihood of future encounters. The judge was able to hear live testimony from both parties, and he was quite familiar with the past facts of the relationship, having presided over prior extension hearings and the defendant's assault and battery trial. See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997) ("[T]he judge, who has a firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence" [quotation and citation omitted] ). Applying the Iamele factors, the defendant had previously violated this order and committed a serious physical assault on the plaintiff, and she had aggressively terrorized the plaintiff's children, to the point of reasonable fear of physical harm. The children were still quite young as of 2018, and the judge found a likelihood that the parties would continue to encounter one another. We cannot say the judge abused his considerable discretion in extending the order under the circumstances.
Order entered January 29, 2018, affirmed.

The record on appeal is spare. The extension order at issue, entered January 29, 2018, is the fourth extension of a harassment prevention order that was initially entered on June 29, 2012. Although the defendant focuses her argument on what the plaintiff alleged in her original affidavit in June, 2012, we have not been provided with a record of what was presented at the several extension hearings that followed, at least two of which were heard by the same judge who extended the order under appeal. Because the judge had prior experience with the relevant facts, the record of the January 29, 2018, hearing is not a complete picture of the basis for the judge's ruling.
In any event, it also is unclear what written record was before the court on January 29, 2018. It is the appellant's burden to prepare an adequate appendix so that we may properly address the issues raised. See Mass. R. A. P. 18, as amended, 425 Mass. 1602 (1997); Barletta v. French, 34 Mass. App. Ct. 87, 95 n.11 (1993). Here we set forth those facts that we can discern from the record presented.

The docket indicates that the order entered January 15, 2015, which was to expire on January 15, 2018, was extended to January 29, 2018.

For example, at oral argument defense counsel attempted to argue that the defendant did not, as a factual matter, push the plaintiff down the stairs. Such an argument is precluded here, where the defendant was convicted of the very assault she is now attempting to deny.