NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1478

A.L.

vs.

P.L.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

P.L. (husband) appeals from an abuse prevention order issued by a District Court judge pursuant to G. L. c. 209A, at the request of A.L. (wife).  The proceedings began when the husband obtained an ex parte 209A order against the wife on August 24, 2023.  After considering evidence offered by both parties at a two-party hearing on September 1, 2023, a second judge issued a temporary order, scheduled to expire on March 1, 2023.  At the conclusion of the hearing, the judge stated that he would also entertain a 209A order against the husband if the wife requested one.  The wife promptly did so and filed a complaint and supporting affidavit.  Without holding a further hearing or providing written findings, the judge issued a

temporary 209A order against the husband and set the same expiration date. On appeal, the husband contends that the order against him must be vacated because the judge neglected to make written findings, and the order lacked sufficient evidentiary support. For the reasons set forth below, we vacate the order.

Ordinarily, in G. L. c. 209A proceedings, specific written findings are not required "where we are able to discern a reasonable basis for the order in the judge's rulings and order." Nelson N. v. Patsy P., 98 Mass. App. Ct. 78, 81 n.7 (2020), quoting G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018). When mutual abuse prevention orders are sought, however, a judge is required to make "specific written findings of fact." G. L. c. 209A, § 3. Such findings ensure that the judge considers the evidence presented, sifts through conflicting evidence, evaluates the credibility of witnesses, and creates a record for appellate review. See Sommi v. Ayer, 51 Mass. App. Ct. 207, 210-211 (2001).

After carefully examining the testimony as well as the judge's statements as memorialized in the transcript of the two-party hearing, we believe his remarks fell short of the type of findings required by G. L. c. 209A, § 3. Evidence included testimony of the husband and wife. The husband testified that he lived in fear of his wife because she suffered from mental health issues (exacerbated by failing to take medication and

2

drinking), assaulted him dozens of times, threw a hammer at him, and a week earlier in August 2023 assaulted one of the children during an argument.  The wife, testifying about the same argument, admitted to the assault on her son.  She stated further, however, that she was afraid to live in the house where the two sons, and the husband, thereafter chased her up and down a stairway until she secured refuge in a locked bedroom.  After hearing this testimony, the judge found that "both parents are volatile at this point" and "cannot be in the same location right now."

At the time of the wife's testimony, she had not sought a 209A order against the husband.  In an affidavit filed after the hearing, the wife described the August 2023 incident, and an entirely different incident in October 2022, during which she alleged that the husband chased her and held her by the neck.  The judge did not hold a hearing in connection with the wife's affidavit.  Instead, as the docket indicates, the judge concluded that "a mutual or consecutive restraining order is warranted to prevent further abuse as each party is in need of the Court's protection."  Given the multiple events alleged, the differing versions alleged, the lack of any credibility finings, and the absence of any hearing after the wife filed her affidavit that included a description of a different incident, we cannot discern the factual basis for the order at issue.  In

3

these circumstances, "specific written findings of fact," G. L. c. 209A, § 3, would have been particularly helpful to our determination whether mutual orders were warranted.

We are very sensitive to the challenges faced by busy trial court judges, and we are not suggesting that G. L. c. 209A, § 3, requires an exegesis on the relationship of the parties whenever mutual orders are sought. See Frizado v. Frizado, 420 Mass. 592, 598 (1995) (procedure under c. 209A "is intended to be expeditious and as comfortable as it reasonably can be for a lay person to pursue"). Nevertheless, we must also bear in mind that the writing requirement of G. L. c. 209A, § 3, is not a mere formality; instead, the writing requirement also promotes the essential procedural safeguards that are embodied in G. L. c. 209A -- particularly the plaintiff's burden to establish a case for relief by a preponderance of the evidence and the defendant's right to be heard (including fair notice, the right to testify, and the right to present evidence). See Frizado, supra at 597. See also Guidelines for Judicial Practice: Abuse Prevention Proceedings § 6:07 (Oct. 2021) ("findings of fact should provide the basis for the court's conclusion that each party" has met their respective burden). We also note that a defendant must be given an "adequate opportunity to consider any affidavit filed in the proceeding" before electing to cross-examine the plaintiff or present additional evidence. Frizado,

4

supra.  At a minimum, before the six-month temporary order entered here, the husband should have been given the opportunity to be heard regarding the new allegations in the wife's affidavit.

Accordingly, the September 1, 2023 abuse prevention order that entered against the husband is vacated.

<u>So ordered</u>.

By the Court (Vuono,
    Englander & Hodgens, JJ.[1]),

Clerk

Entered:  December 4, 2024.

---

[1] The panelists are listed in order of seniority.