NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-264

C.A.

vs.

R.J.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, R.J.D., appeals from an extended abuse prevention order, issued pursuant to G. L. c. 209A (209A order), in favor of the plaintiff, C.A., the mother of his child.  He argues that the plaintiff failed to show by a preponderance of the evidence that she had a reasonable fear of imminent serious physical harm, and that the judge violated his due process rights by denying him a meaningful opportunity to be heard.  We affirm.

Discussion.  We review the issuance of a 209A order for an abuse of discretion or other error of law.  E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013).  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing

court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotations and citations omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"General Laws c. 209A enables a person suffering from abuse from an adult or minor family or household member to obtain a protective order directing the defendant, among other things, to refrain from abuse or contact" (quotation and citation omitted). E.C.O., 464 Mass. at 562.  As defined under the statute, "abuse" includes "placing another in fear of imminent serious physical harm."  G. L. c. 209A, § 1.  To meet that standard, the plaintiff must satisfy both a subjective and an objective standard:  that she was currently in fear of imminent serious physical harm, and that her fear was reasonable.  See Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).  In evaluating whether the plaintiff has met her burden of proving that she has a reasonable fear of imminent serious physical harm, the judge "must consider the totality of the circumstances of the parties' relationship."  Iamele v. Asselin, 444 Mass. 734, 740 (2005).  Significantly, "[w]e accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference.'"  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660,

2

664 (2020), quoting Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).

The defendant contends that the plaintiff's allegations supporting her request for a 209A order were speculative and not credible. The plaintiff's affidavit submitted with her application, however, described specific intimidating behavior of the defendant, including past physical abuse. She first referenced the defendant showing up to her home "unwanted" and after having been told "to stay away from [her] residence," and having done so "many" times. She then described an incident from 2019, in which the defendant choked the plaintiff, leading to his arrest.[1] She also recalled an instance in which the defendant tried to intimidate her by asserting that she was "putting people in danger" by discussing his aggressive behavior with a friend. The plaintiff stated that the defendant has a license to carry a firearm and a "history of violence," and that she believed he was "capable of killing [her]." At the two-party hearing, the plaintiff testified that she was in fear of

---

[1] The charges related to this incident were ultimately dismissed because, according to the plaintiff (and undisputed by the defendant at the hearing), the plaintiff decided not to participate in the prosecution given her financial reliance on the defendant at the time. Despite the dismissal of criminal charges, the judge was entitled to credit the plaintiff's claim of physical abuse. See, e.g., Iamele, 444 Mass. at 739 (plaintiff must meet her burden "by a preponderance of the evidence").

3

imminent serious physical harm by the defendant.  Although she stated that the defendant "would never make a threat to" her because he "knows the law" and is "very intelligent," she also stated that the defendant "physically intimidated" her on multiple occasions when they exchanged their child.

After considering "the totality of the circumstances of the parties' relationship," Iamele, 444 Mass. at 740, the judge could reasonably conclude that a 209A order was necessary because the defendant's conduct put the plaintiff in fear of imminent serious physical harm and such a fear was reasonable. See Yahna Y., 97 Mass. App. Ct. at 186.  In particular, the judge credited the plaintiff's current fear of serious physical harm by the defendant based on the incidents described in her affidavit and testimony, and "we defer to that determination." Noelle N., 97 Mass. App. Ct. at 665.

Although the defendant argues that the plaintiff's fear was not supported by objective evidence and was therefore insufficient, a plaintiff's claims in seeking a 209A order need not be corroborated by independent evidence.  Rather, the plaintiff must show a subjective fear of imminent serious physical harm that is objectively reasonable.  See Yahna Y., 97 Mass. App. Ct. at 186.  Here, the plaintiff expressed a subjective fear of serious physical harm by the defendant. Objectively, in these circumstances, such a fear is reasonable,

4

especially where the defendant has previously physically assaulted the plaintiff.  See id. at 186-187.

Lastly, the defendant argues that he was denied "due process" because he was not given an adequate opportunity to be heard, claiming that at the hearing he was not allowed to cross-examine the plaintiff and the judge "repeatedly cut [him] off" and "did not allow for [his] exhibits to be presented for review."  A judge has considerable discretion to deny or limit cross-examination in c. 209A hearings.  See C.O. v. M.M., 442 Mass. 648, 658 (2004); Frizado v. Frizado, 420 Mass. 592, 597 (1995).  Here, both parties were unrepresented by counsel and the judge conducted the questioning of each party.  The defendant did not request to cross-examine the plaintiff, and a review of the hearing transcript shows that the defendant had ample opportunity to testify.  The judge repeatedly sought input from the defendant during the hearing, and there is no indication that the judge prevented the defendant from speaking about relevant information or responding to the plaintiff's allegations.  There is also nothing in the record indicating that the defendant attempted to offer any exhibits for the judge's review, much less that the judge rejected such an

attempt.  Accordingly, the defendant has failed to show he was not given a meaningful opportunity to be heard.

<u>Order entered November 8, 2024, affirmed</u>.

By the Court (Meade, Ditkoff & Toone, JJ.[2]),

Clerk

Entered:  November 24, 2025.

---

[2] The panelists are listed in order of seniority.