NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-137

M.Y.

vs.

T.H.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, T.H., appeals from an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (209A order). The defendant argues that the Boston Municipal Court judge abused his discretion in granting the order as there was insufficient evidence to prove that the plaintiff, M.Y., had a reasonable fear of imminent serious physical harm. We affirm.

Background. "We recite the facts based on the record before us." E.C.O. v. Compton, 464 Mass. 558, 559 (2013). See Currens v. Board of Assessors of Boston, 370 Mass. 249, 254 (1976) ("An appealing party may not by his brief attempt to place before an appellate court facts which are not stated or

incorporated in the record on appeal").[1]  The plaintiff and the defendant were in an "on and off" relationship from November of 2021 through July of 2023.  On May 7, 2024, the plaintiff filed a complaint for protection from abuse and obtained an ex parte order ordering the defendant to not abuse or contact the plaintiff, remain one hundred yards away from her, and stay away from her residence and workplace.  The defendant was also ordered to surrender any firearms.  In the affidavit filed in support of her complaint, the plaintiff averred, among other things, that the defendant "grabbed . . . and shoved [her]," repeatedly refused to move out of her apartment, and threatened suicide if the plaintiff refused to continue to allow him to live with her.

On May 21, 2024, a second judge conducted a two-party hearing that addressed the plaintiff's request for an extension of the 209A order.  Both parties testified and each of them submitted documentary evidence.  At the conclusion of the hearing, the judge extended the 209A order for one year.

Discussion.  General Laws c. 209A permits a person suffering from abuse by a family or household member to obtain an abuse prevention order.  See E.C.O., 464 Mass. at 562.  As

---

[1] To the extent that either party asks us to consider evidence that was not before the judge, we decline to do so. See Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019).

defined under the statute, "abuse" includes "placing another in fear of imminent serious physical harm." G. L. c. 209A, § 1. To meet that standard, the plaintiff must meet the subjective standard that she has a current fear of imminent serious physical harm as well as the objective standard that the fear is reasonable. See Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020). In determining whether the plaintiff has met the burden of proof, the judge "must consider the totality of the circumstances of the parties' relationship." Iamele v. Asselin, 444 Mass. 734, 740 (2005). We review the extension of a restraining order for an abuse of discretion or other error of law. E.C.O., supra at 561-562. "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Importantly, "[w]e accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference." Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020), quoting Yahna Y., supra at 185. Also, where the judge has not made specific factual findings on the record, we consider whether the judge had a reasonable basis to find, by

3

a preponderance of the evidence, together with all permissible inferences, that the defendant placed the plaintiff in fear of imminent serious physical harm.  See Frizado v. Frizado, 420 Mass. 592, 597 (1995); G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018).

The defendant argues that the plaintiff failed to meet her burden of proof, in part because the judge improperly relied on uncorroborated allegations and speculation.  However, independent corroboration is not required.  Rather, the judge could properly rely on the plaintiff's affidavit and testimony.

The affidavit described past physical abuse which resulted in bruising on the plaintiff's arms, after which she experienced "panic attacks" and "sobbing fits"; this type of abuse constitutes a sufficient basis to issue a 209A order.  It also described the defendant's refusal to leave her apartment despite her multiple requests that he move out, and his months-long intimidating behavior where the defendant told the plaintiff that "if [she] kicked him out he'd kill himself."  The affidavit further described an incident where the defendant came to her apartment unannounced, removed a knife from the console of his vehicle, and "held [the knife] to his wrist[s] saying he'd slit them."  The plaintiff stated that she feared what the defendant

4

was going to do with the knife while she was in the vehicle with him.[2]

At the two-party hearing, the plaintiff testified that after moving out, the defendant continued to contact her and appear at her workplace after she had asked him to discontinue communication. She testified that she was scared that the defendant "might . . . escalate" and that "he ha[d] shoved [her] before in the past, so [she'd] . . . be concerned something like that could happen again." Further, the plaintiff testified that the defendant visited her workplace the day after he was served with the ex parte order that required he stay away from the premises. While the defendant testified that "[t]here was never anything physical or threatening that occurred in the entire time period we've known each other," the defendant admitted, in response to the judge's questions, that he had continued to communicate with the plaintiff, to appear at her workplace, and that he felt upset "after going months of respecting her, you know, giving her space, not showing up [at her workplace] when

---

[2] The defendant argues that the "court" and the police violated his constitutional rights by not serving him with the plaintiff's affidavit. The defendant cites no authority for this requirement, and we are aware of none. The defendant was presumably given the opportunity to review the affidavit at the two-party hearing: when the affidavit was mentioned, and when the judge read aloud from the affidavit at the hearing, the defendant did not object, claim surprise, or ask to see it. The lack of an objection also waives the issue.

[he] could have."  Indeed, text messages submitted at the hearing showed the plaintiff's multiple requests to terminate contact and the defendant's refusal to do so.

It was within the judge's discretion to credit the plaintiff's affidavit, and her testimony that she feared physical harm after a previous incident of being shoved and bruised by the defendant.  We conclude that given the totality of the circumstances the judge had a sound basis to find that the plaintiff's fear was objectively reasonable.

The defendant argues that the judge violated his "fundamental due process protections" under the Massachusetts Declaration of Rights and the Fourteenth Amendment to the United States Constitution by improperly guiding the plaintiff's testimony at the extension hearing.  We discern no abuse of discretion.  The judge permissibly asked open-ended questions of both the plaintiff and the defendant to secure relevant information.[3]  Trial judges have considerable discretion in seeking the information they need.  See Commonwealth v. Fitzgerald, 380 Mass. 840, 847 (1980) ("there may be occasions

---

[3] The defendant also argues that the plaintiff violated the Health Insurance Portability and Protection Act by presenting medical information to the judge, and that such conduct discredits her affidavit.  As this issue was not raised at the hearing, it is waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

6

in which a trial judge quite appropriately asks questions to clarify a point, to prevent perjury, or to develop trustworthy testimony").

Considering the basis for the initial abuse prevention order and the totality of the circumstances presented at the hearing, the judge properly exercised his discretion in extending the 209A order.

Order entered May 21, 2024, affirmed.

By the Court (Massing, Hand & Allen, JJ.[4]),

Clerk

Entered:  December 19, 2025.

---

[4] The panelists are listed in order of seniority.