NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-559

M.A.

vs.

T.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued by a Boston Municipal Court judge pursuant to G. L. c. 209A, § 3 (209A order).  He argues that the judge erred in extending the 209A order because the plaintiff failed to establish that she was in imminent danger of abuse. We affirm.

Background.  We draw the following facts from the record, reserving some for later discussion.  The plaintiff and the defendant dated briefly in 2024 but broke up after three months. Following their breakup, the defendant began to try to contact the plaintiff.  The defendant used Instagram, Facebook, WhatsApp, Facetime, and various phone numbers and identities to

attempt to contact the defendant. He also sent messages to the plaintiff's friends and family to coerce the plaintiff into calling him. He posted pictures of the plaintiff on a Facebook group calling her an illegal immigrant and threatened to call immigration if she did not call him back. The defendant sent messages pretending to be the company that owned the apartment where she lived to "get [her] to meet up" and "sen[t] intimidating messages saying [the plaintiff] scammed him and got free meals out of him." Further, he "pretended to be someone named Tyler to get [her] to meet up with him on three different dates."

On January 21, 2025, the plaintiff obtained an ex parte 209A order against the defendant. On February 4, 2025, following a two-party hearing wherein the defendant was represented by counsel, the judge extended the 209A order for one year. The defendant timely appealed therefrom.

Discussion. The defendant solely argues that the plaintiff did not prove that she was in imminent danger of abuse, and thus the judge erred in issuing the one-year 209A order. We disagree. "We review . . . for an abuse of discretion or other error of law" (citation omitted). Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020). Whether seeking the issuance of an initial protective order or a later extension of that order,

"[t]he burden is on the complainant to establish facts justifying [its] issuance and continuance." Iamele v. Asselin, 444 Mass. 734, 736 (2005), quoting Frizado v. Frizado, 420 Mass. 592, 596 (1995). "The plaintiff must meet that burden by a preponderance of the evidence." Iamele, supra.

1. Abuse. We discern no error in the issuance of the 209A order because sufficient evidence of abuse was presented at the two-party hearing. "Abuse" is defined as, inter alia, "placing another in fear of imminent serious physical harm." G. L. c. 209A, § 1. "When a person seeks to prove abuse by fear of imminent serious physical harm, our cases have required in addition that the fear be reasonable" (quotation omitted). Iamele, 444 Mass. at 737. "In determining whether an apprehension of anticipated physical force is reasonable, a court will look to the actions and words of the defendant in light of the attendant circumstances" (citation omitted). Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 143 (2006). However, "for the plaintiff's fear of imminent serious physical harm to be reasonable, it is not necessary that there be a history -- or even a specific incident of physical violence." Noelle N., 97 Mass. App. Ct. at 665. "[A] judge must consider the totality of the circumstances of the parties' relationship." Iamele, 444 Mass. at 740.

Here, the record is replete with instances wherein the plaintiff expressed fear, stated that she was "afraid," and testified that she was "afraid that he's going to come after me in my home and my work, and I'm afraid that he will harm himself and also harm me." She provided detail and context to her reasons for being in fear of imminent serious physical harm, and there was a clear nexus between the defendant's actions -- including but not limited to his stalking-like behavior -- and that fear. Thus, we discern no error in the judge's conclusion. See Iamele, 444 Mass. at 741. See also G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) ("where we are able to discern a reasonable basis for the order in the judge's rulings and order, no specific findings are required").

2. Coercive control. The plaintiff also argues, as an additional ground in support of the issuance of the 209A order, that she met her burden to establish coercive control.[1] On September 18, 2024, four months before the plaintiff filed for the original 209A order, the abuse prevention statute was amended to include "coercive control," defined as "a pattern of behavior intended to threaten, intimidate, harass, isolate,

---

[1] We note that the coercive control theory was at issue during the two-party hearing. Indeed, the judge recognized as much and stated on the record that the 209A order "could be seen as" and "based on" coercive control.

4

control, coerce or compel compliance."  G. L. c. 209A, § 1, as amended through St. 2024, c. 118, § 4.  "To demonstrate a pattern of behavior, the plaintiff must make a showing of three or more acts," and "each act must be intended to threaten, intimidate, harass, isolate, control, coerce or compel compliance of a family or household member."  See Guidelines for Judicial Practice:  Abuse Prevention Proceedings § 1:00A commentary (Oct. 2025).  Given our conclusion that there was sufficient evidence to demonstrate that the plaintiff was in fear of imminent serious physical harm, and that such fear was reasonable, we need not rely on that additional basis.[2]

Order entered February 4, 2025, extending abuse prevention order, affirmed.

By the Court (Vuono, Neyman & Sacks, JJ.[3]),

Paul Little

Clerk

Entered:  March 10, 2026.

---

[2] We note, however, that there is a measure of persuasiveness to the plaintiff's argument, as there was evidence that the defendant performed at a minimum three or more acts intended to "threaten, intimidate, harass, isolate, control, coerce or compel compliance" of the plaintiff.  See Guidelines for Judicial Practice:  Abuse Prevention Proceedings § 1:00A commentary (Oct. 2025).

[3] The panelists are listed in order of seniority.